UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILY ODERMATT,<br><br>                              Plaintiff,<br><br>       -against-<br><br>THE MOUNT SINAI HOSPITAL, THE MOUNT SINAI HEALTH SYSTEM, INC. and MOUNT SINAI HOSPITALS GROUP, INC.,<br><br>                              Defendants. | No. 1:24-cv-05250 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On July 11, 2024, Emily Odermatt ("Plaintiff") commenced this action against The Mount Sinai Hospital, Mount Sinai Health System, Inc., and Mount Sinai Hospitals Group, Inc. (collectively, "Defendants"), asserting various federal and state law claims in connection with Defendants' alleged failure to accommodate Plaintiff's Delayed Sleep Phase Syndrome ("DSPS") and Attention-Deficit / Hyperactivity Disorder ("ADHD"). Now before the Court is Plaintiff's motion for Rule 11 sanctions based on purported misrepresentations by Defendants in their April 15, 2025 letter to the Court, opposing Plaintiff's request for an extension of discovery deadlines. *See* Dkts. 82, 83 ("Mot."), 94. For the reasons set forth below, the Court denies the motion for sanctions.

## BACKGROUND

On April 8, 2025, Plaintiff filed a motion for an extension of time for fact discovery and depositions. Dkts. 74, 75. On April 15, 2025, Defendants filed an opposition to Plaintiff's motion, Dkt. 77, and on April 18, 2025, the Court held a hearing to address the outstanding discovery issues, Dkt. 81. At the April 18, 2025 hearing, the Court ordered, among other things, that Plaintiff's depositions of Defendants' representatives be limited to 3.5 hours each with a court reporter and a written record. Dkt. 81.

1

On April 21, 2025, Plaintiff filed notice of a Rule 11 sanctions motion, asserting that Defendants made various misrepresentations in their April 15, 2025 letter to the Court opposing Plaintiff's request for an extension of time for fact discovery and depositions. Dkts. 77, 82, 83. On April 29, 2025, the Court entered an order construing Plaintiff's notice of motion as service on Defendants for purposes of Federal Rule of Civil Procedure 11(c)(2), which requires that a motion for sanctions be served on Defendants and not filed or presented to the Court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. Dkt. 88; *see also* Fed. R. Civ. P. 11(c)(2). After the 21-day period had passed, Plaintiff filed a motion to refile and reconsider her Rule 11 motion. Dkt. 94; *see also* Dkt. 95. Defendants filed their opposition on May 30, 2025. Dkt. 100. Plaintiff filed a reply on June 2, 2025. Dkt. 103.

## DISCUSSION

"Under Rule 11, a court may sanction an attorney for, among other things, misrepresenting facts or making frivolous arguments." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 459 (S.D.N.Y. 2023) (quoting *Muhammad v. Walmart Stores East, L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (per curiam)). "Rule 11(b) states that 'by presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,' the pleading, written motion, or other paper 'is not being presented for any improper purpose,' 'the claims, defenses, and other legal contentions are warranted by existing law,' and the 'factual contentions have evidentiary support.'" Fed. R. Civ. P. 11(b), (b)(1)-(3). "When sanctions are requested by a party rather than imposed by the Court on its

2

own, the party must comply with the so-called safe harbor provision of Rule 11(c)(2): the motion for sanctions, made separately from any other motions, should be sent to the opposing party but not actually filed with the Court if the challenged paper or action is withdrawn or appropriately corrected within 21 days after service of the motion." *Qiu v. Shanghai Cuisine, Inc.*, No. 18-cv-05448 (ER), 2021 WL 3929242, at *2 (S.D.N.Y. Sept. 1, 2021).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "[S]anctions are appropriate against the non-moving party only upon 'a showing of objective unreasonableness on the part of the attorney or client signing the papers.'" *Moshell v. Sasol Ltd.*, No. 20-cv-01008 (JPC), 2021 WL 3174414, at *16 (S.D.N.Y. July 24, 2021) (quoting *ATSI Commc'ns v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009)). "An erroneous statement of fact in a pleading 'can give rise to the imposition of sanctions only when the particular allegation is utterly lacking in support.'" *Moshell*, 2021 WL 3174414, at *16 (alteration adopted) (quoting *In re AOL, Inc. Repurchase Offer Litig.*, No. 12-cv-03497 (DLC), 2013 WL 6331802, at *3 (S.D.N.Y. Dec. 5, 2013)); *see also In re AOL, Inc. Repurchase Offer Litig.*, 2013 WL 6331802, at *3 ("Rule 11 neither penalizes overstatement nor authorizes an overly literal reading of each factual statement[.]") (citation omitted).

Plaintiff contends that Rule 11 sanctions are warranted here because Defendants made various misrepresentations in their April 15, 2025 letter to the Court. *See* Dkt. 77. Plaintiff focuses on Defendants' purportedly false representation that Elsie Valentin's involvement was limited to confirming receipt of Plaintiff's intake documentation on September 25, 2023, when discovery showed that Ms. Valentin responded to several of Plaintiff's subsequent

3

complaints and communications with Mount Sinai, including email communications leading to her discharge from the clinic. Dkt. 83 at 1-2.

Defendants contend that Plaintiff's motion for sanctions fails for two reasons. First, Defendants argue that Plaintiff's motion for sanctions is moot because the issues raised in the underlying April 15, 2025 letter — including extension of the then-existing discovery deadlines and the need to structure depositions — have since been resolved. Defendants further assert that Plaintiff's motion fails on the merits because the content of their letter was "factual" and there was "nothing improper or sanctionable about it." Dkt. 100 at 1. With respect to the assertion that Elsie Valentin's involvement was limited to confirming receipt of Plaintiff's intake documentation on September 25, 2023, Defendants assert that "[t]here is nothing improper about re-articulating Plaintiff's allegations, nor did Mount Sinai ever definitively state that Ms. Valentin's knowledge ended at intake." Dkt. 100 at 2.

Even setting aside whether Plaintiff's motion was untimely because it was filed after the discovery dispute was resolved, *Qui v. Shanghai Cuisine, Inc.*, No. 18-cv-05448 (ER), 2021 WL 3929242, at *3 (S.D.N.Y. Sept. 1, 2021), the Court finds that Plaintiff's Rule 11 motion fails on the merits. Defendants' representations with respect to Ms. Valentin's involvement in this case are not so patently false as to amount to an allegation that is "utterly lacking in support." *Moshell*, 2021 WL 3174414, at *16. Defendants merely characterized the Complaint in this matter, which reflects limited involvement by Ms. Valentin, referencing her only once in connection with Plaintiff's intake. *See* Compl. ¶ 39. Nor did Defendants' representation as to Ms. Valentin's involvement in this case have a material impact on the Court's decision to limit depositions to 3.5 hours. Central to the Court's ruling with respect to depositions was Plaintiff's prior counsel's agreement with Defendants to limit depositions to 3.5 hours each; the Court advised Plaintiff that she is bound by the conduct and acts of her

prior counsel, including any agreements prior counsel may have reached with defense counsel regarding the scope of discovery. Plaintiff does not point to any other assertions in Defendants' letter that were purportedly false. The Court therefore declines to find that Defendants' conduct in any way warrants Rule 11 sanctions.

## CONCLUSION

For the aforementioned reasons, Plaintiff's motion for Rule 11 sanctions is DENIED. Defendants separately request that the Court require Plaintiff to seek Court approval before filing any more motions. Dkt. 100 at 2. The Court declines to do so at this time.

Dated: June 4, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

5