UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILY ODERMATT,<br><br>                            Plaintiff,<br><br>            -against-<br><br>THE MOUNT SINAI HOSPITAL, MOUNT SINAI HEALTH SYSTEM, INC., and MOUNT SINAI HOSPITALS GROUP, INC.,<br><br>                            Defendants. | Case No. 1:24-cv-05250 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On June 4, 2025, The Mount Sinai Hospital ("Mount Sinai") filed a motion seeking (1) appropriate remedies for Plaintiff's alleged misconduct at her deposition, including, but not limited to, sanctions, (ii) a Court order requiring Plaintiff to obtain leave of the Court before filing any more letter motions, and (iii) a Court order requiring Plaintiff to follow the applicable rules. Dkt. 104 at 1. On June 6, 2025, the Court granted Plaintiff a right of response, and directed Plaintiff to submit her response, including any supporting materials, to Chambers. Dkt. 107. To date, the Court has not received a response from Plaintiff. However, for the reasons set forth below, the Court denies Defendants' motion for sanctions but will provide additional direction to Plaintiff.

Mount Sinai alleges that Plaintiff's conduct at her deposition violated the Federal Rules of Civil Procedure and abused the judicial process because Plaintiff recorded her deposition without providing prior notice to Mount Sinai, in violation of Federal Rule of Civil Procedure ("Rule") 30(b). Dkt. 104 at 1. Mount Sinai further alleges that Plaintiff "perjur[ed] herself at her deposition." Dkt. 104 at 2.

Under Rule 30(b)(3)(B), "[w]ith prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified

1

in the original notice." Fed. R. Civ. P. 30(b)(3)(B); *see also Burgess v. Town of Wallingford*, No. 3:11-cv-01129 (CSH), 2012 WL 4344194, at *7 (D. Conn. Sept. 21, 2012) ("[B]ecause a party may employ an additional method of recording deposition testimony provided he follows the directives of Federal Rule 30(b), the Court shall allow Plaintiff to make audio recordings of deposition testimony if he gives *prior notice* to the deponent and other parties in the action of his intention to so record"). That Plaintiff did not give prior notice before recording her deposition constitutes a violation of Rule 30(b)(3)(B). Moreover, Plaintiff appears to have perjured herself when she testified that she was not taping her deposition. *See* Dkt. 104-1 at Tr. 159:8-24. Plaintiff is advised that, notwithstanding her *pro se* status, she is expected to comply with the Federal Rules of Civil Procedure and the law and that surreptitious taping and allegedly providing false testimony about such taping is unacceptable.

However, given Plaintiff's *pro se* status, and in light of the fact that Mount Sinai does not argue that it was prejudiced by Plaintiff's conduct, the Court declines to impose the sanctions requested. Mount Sinai's cited authorities do not require a different result. In *Barth v. City of Peabody,* for example, the plaintiff's conduct therein was not limited to videotaping his deposition. 2019 WL 2525475 (D. Mass. June 19, 2019). The plaintiff also called defense counsel a "perjurer" and "worthless punk," and violated the terms of the court's prior order by leaving the designated deposition location. *Id.* at *6-7. Defendants' other cases likewise involved more egregious conduct than is alleged here. *See, e.g., McMunn v. Memorial Sloan-Kettering Cancer Center*, 191 F. Supp. 2d 440, 460-61 (S.D.N.Y. 2002) (dismissing complaint with prejudice where plaintiff's "outrageous misbehavior" amounted to "fraud upon th[e] [c]ourt," including by "intentionally and in bad faith repeatedly l[ying] about where she was living" for purposes of bolstering her claim that her termination left her destitute); *Skywark v. Isaacson*, No. 96-cv-02815, 1999 WL 1489038, at *1 (S.D.N.Y Oct.

14, 1999) (dismissing case where plaintiff lied to experts and concealed medical documents unfavorable to his claim, thereby "distort[ing]" the record in the case); *Burrell v. Am. Tel. & Tel. Corp.*, 282 F. App'x 66, 67-68 (2d Cir. 2008) (affirming district court's dismissal with prejudice of case where plaintiff "intentionally and repeatedly concealed relevant and discoverable information, and . . . actively misrepresented facts at his depositions"). The Court shall, however, direct Plaintiff to refrain from publishing the unnoticed video recording she made of her deposition, utilizing the video recording in future court filings, and/or otherwise offering the video recording as evidence in this case. *See, e.g., Warner v. SWEPI, LP*, No. 19-cv-00326, 2023 WL 4405854 (W.D. Penn. July 7, 2023) (finding that "any potential prejudice to the defense can be sufficiently mitigated" by a similar order precluding publication or use of the recorded deposition).

As for Mount Sinai's request for an Order requiring Ms. Odermatt to obtain Court approval prior to filing any further letter-motions, the Court declines to impose such an Order, especially since discovery has concluded and the case is proceeding to dispositive motions, but again advises Ms. Odermatt to use due consideration before filing any additional motions given the significant number of motions she has filed. The Court also generally advises Ms. Odermatt that she is expected to comply with the rules of this Court, including the Federal Rules of Civil Procedure, and the applicable Local Rules of United States District Courts for the Southern and Eastern Districts of New York, and this Court's Individual Rules of Practice in Civil Cases.

Dated: June 27, 2025
      New York, New York                             SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge