UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMILY ODERMATT,

                Plaintiff,

-against-

THE MOUNT SINAI HOSPITAL, MOUNT SINAI HEALTH SYSTEM, INC., and MOUNT SINAI HOSPITALS GROUP, INC.,

                Defendants.

Case No. 1:24-cv-05250 (JLR)

**MEMORANDUM OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

On June 2, 2025, Odermatt filed a motion under seal seeking a written protective order under Rules 1 and 26 of the Federal Rules of Civil Procedure to protect immune and/or statutorily-privileged information, namely information pertaining to participation in research studies covered by Certificates of Confidentiality. Dkt. 110. On June 18, 2025, the Court denied Odermatt's motion for the reasons stated on the record. Dkt. 121. On July 9, 2025, Odermatt filed under seal a motion for reconsideration of the Court's June 18, 2025 Order. Dkt. 125. For the reason's set forth below, Odermatt's motion for reconsideration is denied.

**I.    Motion for Reconsideration**

"This District has repeatedly stated that 'a motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Chelsea Hotel Owner LLC v. City of New York*, No. 1:21-cv-03982 (ALC) (RWL), 2025 WL 1603918, at *1 (S.D.N.Y. June 6, 2025) (alteration adopted) (quoting *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). "A motion for reconsideration should be granted only when [the movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v.*

1

*YLL Irrevocable Trust*, 729 F. 3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Odermatt moves for reconsideration of the Court's June 18, 2025 Order, stating that she fears that "waiting until trial or responding to a filing, like a motion for summary judgment, that is initially publicly published with immune information and without sealing" will result in forfeiture of her statutory privilege. Dkt. 125. Odermatt's motion, however, does not establish either clear error or any manifest injustice arising from the Court's June 18, 2025 order.

To the extent Odermatt seeks to have the Court construe her earlier motion, Dkt. 110, as a *motion in limine* prior to trial, any such motion is premature. Odermatt may file a *motion in limine,* if necessary, after the Court has rendered a determination on the parties' forthcoming summary judgment motions.

To the extent Odermatt is concerned that Defendants' summary judgment filings will include privileged information, if the documents are designated as confidential, consistent with this Court's Individual Rules of Practice in Civil Cases, the parties shall meet and confer prior to the filing of the motions for summary judgment to discuss whether the motions (or redacted portions thereto) or appended exhibits should be filed under seal. If there is a sealed filing, the party who is maintaining the request for sealing shall then file a letter within three days explaining the need for continued sealing or redaction. The Court shall then render a determination as to whether the document should be maintained under seal or redacted. The parties shall also follow this process if there is any reference in the motions or appended documents to participation in research studies covered by Certificates of Confidentiality. This procedure should address Odermatt's concerns with respect to documents being publicly accessible prior to the Court rendering a decision on sealing or redaction.

**II.    Motion to Seal**

On June 24, 2025, this Court granted Odermatt leave to temporarily file her motion for reconsideration under seal, pending a final determination on the underlying motion.  Having reviewed Odermatt's motion for reconsideration, the Court finds no basis to maintain the document under seal.

Although the common law right of public access to judicial documents is "firmly rooted in our nation's history," this right is not absolute and courts must balance "competing considerations" against the presumption of information.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (3d Cir. 2006) (quotation marks and citation omitted); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action . . . ."  *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).  There are three steps for evaluating the common law right of access: first, determine whether the information to be sealed is a 'judicial document' to which the presumption of public access applies, *Lugosch*, 435 F.3d at 119; second, determine the "weight of that presumption," *id.*; and third, "after determining the weight of the presumption of access, . . . 'balance competing considerations against it,'" *id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  With respect to the third step, competing considerations "must be concretely and specifically described."  *In re Keurig Green Motion Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *4.  "The party opposing disclosure of a judicial document must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficient to warrant protection; broad allegations of harm unsubstantiated by specific

3

examples or articulated reasoning fail to satisfy the test." *Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, No. 17-cv-07417 (VM) (HBP), 2017 WL 5125544, at *3 (S.D.N.Y. Nov. 2, 2017) (alteration adopted) (quoting In *re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)).

With respect to steps one and two, Odermatt's motion for reconsideration is a judicial document ordinarily entitled to a "strong presumption" of public access. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016); *see also Std. Inv. Chartered, Inc. v. Nat'l Assn. of Sec. Dealers, Inc.*, No. 07-cv-02014 (SWK), 2008 WL 199537, at *16 ("Motion papers are judicial documents and are thus subject to a strong presumption of access under the First Amendment."). Plaintiff has not asserted any specific reason for filing the entirety of her motion for reconsideration under seal, and while the motion speaks of privileged and immune information in general terms, it does not disclose specific privileged or immune information. Nor does the Court discern any other reason on the face of the document that would justify sealing Odermatt's motion for reconsideration in its entirety. Moreover, Odermatt has not complied with the Court's Individual Rules of Practice in Civil Cases, which require the movant to contemporaneously file a letter-motion to seal "explain[ing] the particular reasons for seeking to file that information under seal." Rule 4(B)(iii)(a)-(b).

For the foregoing reasons, the Court finds that Odermatt's motion should not be maintained under seal.

## CONCLUSION

For the aforementioned reasons, Odermatt's motion for reconsideration is denied. Odermatt's motion for reconsideration shall be filed on the docket as it does not disclose privileged or confidential information and Plaintiff has provided no reason for filing it under seal.

Dated: July 17, 2025
      New York, New York

                                        SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge