UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILY ODERMATT,<br><br>　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>THE MOUNT SINAI HOSPITAL, MOUNT SINAI HEALTH SYSTEM, INC., and MOUNT SINAI HOSPITALS GROUP, INC.,<br><br>　　　　　　　　　　Defendants. | Case No. 1:24-cv-05250 (JLR)<br><br>**MEMORANDUM OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

　　*Pro se* plaintiff Emily Odermatt ("Odermatt") brings this action asserting claims for disability discrimination in violation of various federal and state laws. Now before the Court is Odermatt's July 23, 2025 motion for reconsideration of the Court's June 27, 2025 order denying Defendants' motion for sanctions, Dkt. 122; the Court's July 2, 2025 order clarifying that its June 27, 2025 order did not render final factual determinations as to whether Odermatt committed perjury, Dkt. 124; and the Court's July 23, 2025 order clarifying that its June 27, 2025 order was intended to apply to any recordings Odermatt may have taken of her deposition, Dkt. 132. *See* Dkt. 134. For the following reasons, Odermatt's motion for reconsideration is denied.

## BACKGROUND

　　On June 4, 2025, Defendants filed a letter-motion asking the Court to (i) fashion appropriate remedies for Odermatt's misconduct during discovery, including, but not limited to, sanctions; (ii) require Odermatt to obtain leave of the Court before filing any more letter-motions; and (iii) require Odermatt to follow the applicable rules. Dkt. 104 at 1. Among other things, Defendants asserted that Odermatt recorded her deposition without providing prior notice to Mount Sinai, and perjured herself at her deposition by testifying that she had

1

not taped her deposition. Dkt. 104 at 1-2. On June 6, 2025, the Court granted Odermatt a right of response and directed her to submit her response, along with any supporting materials, to the attention of Chambers, where the Court would file the underlying documents temporarily under seal, pending a final determination on Defendants' motion. Dkt. 107. On June 27, 2025, not having received a response from Odermatt, the Court denied Defendants' motion for sanctions and declined to require Odermatt to obtain court approval prior to filing any letter-motions, but instructed Odermatt to refrain from publishing the unnoticed recording she made of her deposition, utilizing the recording in future court filings, and/or otherwise offering the recording as evidence in this case. Dkt. 122.

On June 28, 2025, Odermatt advised the Court that she had previously sent a letter to the Court asserting her Fifth Amendment rights in response to Defendants' motion for sanctions. Dkt. 123. On July 2, 2025, the Court advised Odermatt that it had since received her June 26, 2025 letter, but that its June 27, 2025 order still controlled, including because the Court therein "did not render any final factual findings as to whether [Odermatt] committed perjury," but rather, "denied the sanctions requested by Defendants even assuming the allegations presented." Dkt. 124. On July 23, 2025, following a request for clarification from Odermatt, the Court stated that its June 27, 2025 order was intended to apply to any recordings, video or audio, that Odermatt may have taken of her deposition. Dkt. 132.

Odermatt now moves for reconsideration of the Court's June 27, 2025, Dkt. 122, July 2, 2025, Dkt. 124, and July 23, 2025, Dkt. 132, orders. *See* Dkt. 134 ("Mot.").

## DISCUSSION

"This District has repeatedly stated that 'a motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Chelsea Hotel Owner LLC v. City of New York*, No. 1:21-cv-

2

03982 (ALC) (RWL), 2025 WL 1603918, at *1 (S.D.N.Y. June 6, 2025) (alteration adopted) (quoting *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). "The standard for granting a motion to reconsider is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Ciocca v. Neff*, No. 02-cv-05067 (LTS), 2006 WL 2864987, at *1 (S.D.N.Y. Oct. 5, 2006) (alterations adopted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256-257 (2d Cir. 1995)). Federal Rule of Civil Procedure 59(e) "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." *In re Otal Invs. Ltd.*, No. 02-cv-04303 (HB), 2006 WL 895212, at *1 (S.D.N.Y. Apr. 7, 2006) (quoting *Anglo American Ins. Group v. Calfed Inc., XCF*, 940 F. Supp. 544, 557 (S.D.N.Y. 1996)). "The standard is the same for a motion to reconsider under Southern District of New York Local Rule 6.3." *Id.*

      Odermatt appears to take issue with the July 27, 2025 Order's instruction that she refrain from publishing the unnoticed recording of her deposition, utilizing the recording in future court filings, and/or otherwise offering the recording as evidence in this case. Odermatt asserts that the "written transcript, as held by Defendants, is wrong," and that it would therefore be a "manifest injustice" to proceed with the Court's orders as they stand today. Dkt. 134 at 2. To the extent that Odermatt takes issue with the Court ordering her to refrain from using her recorded deposition, there is "no manifest injustice" in requiring Odermatt to refrain from using a recording made without prior notice to opposing counsel. Odermatt's recording of her deposition without prior notice to Defendants constituted a violation of Federal Rules of Civil Procedure Rule 30(b). *See, e.g.*, *Schoolcraft v. City of New York,* 296 F.R.D. 231, 239 (S.D.N.Y. 2013) (holding that plaintiff's counsel violated the Federal Rules

3

of Civil Procedure by failing to provide notice of his intent to videotape deposition). Precluding Odermatt from using the unnoticed recording of her deposition was therefore an appropriate sanction, even setting aside the question of whether Odermatt perjured herself at her deposition. *See Warner v. SWEPI, LP*, No. 19-cv-00326, 2023 WL 4405854, at *3 (W.D. Penn. July 7, 2023) (finding that any potential prejudice to defendant resulting from unnoticed video recordings could be sufficiently mitigated by directing plaintiff's counsel to refrain from publishing unnoticed video recordings; utilizing said video recordings in future court filings; or otherwise offering the recordings as evidence in the case). To the extent that Odermatt believed there were errors in her deposition transcript, the appropriate vehicle for addressing those errors was through deposition errata to be filed within thirty days from the date of Odermatt's deposition, consistent with Federal Rule of Civil Procedure 30(e).

      Odermatt also challenges the timeliness of Defendants' motion for sanctions. Odermatt contends that Defendants were aware that she had recorded her deposition earlier in the case and therefore could have moved for sanctions prior to the end of discovery. In support of this assertion, Odermatt cites Defendants' April 15, 2025 letter to the Court, which states in a footnote that "Plaintiff contacted the District Attorney and is attempting to prosecute the court reporter from her virtual deposition for falsifying her testimony based on innocuous errors purportedly made to her transcript (including his transcription of her LSAT score, which is irrelevant to this case), all of which she had opportunity to object." Dkt. 77 at 3 n.6. Nothing in Defendants' April 15, 2025 letter indicates that Defendants were then aware that Odermatt had recorded her deposition. To the contrary, Defendants' June 4, 2025 letter represents that Defendants only learned that Odermatt had recorded her deposition on May 30, 2025, when Odermatt emailed defense counsel attaching an hour-long recording of her deposition. Dkt. 104 at 1. The Court therefore finds that Defendants' motion for sanctions,

which was filed less than a week later, was timely.

Odermatt does not otherwise point to any factual matters or controlling decisions that this Court overlooked and therefore cannot satisfy the stringent requirements for a motion for reconsideration.

## CONLCUSION

For the above reasons, the Court denies Odermatt's motion for reconsideration.

Dated: July 29, 2025
       New York, New York

                        SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge