UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILY ODERMATT,<br><br>         Plaintiffs,<br><br>    -against-<br><br>THE MOUNT SINAI HOSPITAL, MOUNT SINAI HEALTH SYSTEM, INC., and MOUNT SINAI HOSPITALS GROUP, INC.,<br><br>         Defendant(s). | Case No. 1:24-cv-05250 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  In this action arising in part under the Americans with Disabilities Act, *see* Dkt. 1 ("Compl.") ¶¶ 162-82, *pro se* Plaintiff Emily Odermatt ("Odermatt") alleges, among other things, that Defendants Mount Sinai Hospital, Mount Sinai Health System, Inc., and Mount Sinai Hospitals Group, Inc. (collectively, "Mount Sinai") failed to provide her with the reasonable accommodation of "later-afternoon appointments." *Id.* ¶¶ 5-10. She alleges she is entitled to this accommodation because she has Delayed Sleep Phase Syndrome ("DSPS") and Attention Deficit Hyperactivity Disorder ("ADHD"), which disrupt her sleep patterns and cause her difficulty in remaining "alert and attentive, particularly in the earlier parts of the day." *Id.* ¶ 3.

  Before the Court are Odermatt's motion to proceed in an appeal from certain orders in this matter without prepayment of fees or costs, *see* Dkt. 179, and two motions for sanctions against Mount Sinai pursuant to Federal Rules of Civil Procedure ("Rule") 11. In the opinion below, the Court discusses these three motions in turn and, for the reasons explained, denies them all.

1

## DISCUSSION

### I. The *In Forma Pauperis* Application

#### A. Background

Odermatt's application to proceed *in forma pauperis* (filed September 2025) relates to her appeal from this Court's orders dated June 18, July 18, and July 24, 2025. *See* Dkt. 133. These orders pertain to Odermatt's June 2, 2025 request for a protective order that would protect certain information concerning participation in a confidential research study. *See* Dkts. 84, 85. On June 18, 2025, the Court denied that request for the reasons stated on the record. Dkt. 121. On July 9, 2025, Odermatt moved for reconsideration of that decision. Dkt. 125. On July 17, 2025, the Court denied Odermatt's reconsideration motion because it did "not establish either clear error or any manifest injustice arising from the Court's" previous order. Dkt. 127 at 2. The next day, on July 18, 2025, Odermatt asked the Court, among other things, to certify an appeal to the Second Circuit from that order, and to stay this matter pending the outcome of that appeal. Dkt. 128. The Court declined to do so on July 23, 2025, holding that its order denying Odermatt's motion for reconsideration did not "involve[] 'a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order [would not] materially advance the termination of the litigation.'" Dkt. 131 (quoting 28 U.S.C. § 1292(b)).

On July 24, 2025, Odermatt filed a notice of appeal from the Court's June 18, July 18, and July 24, 2025 orders. *See* Dkt. 133. On August 30, 2025, she moved for leave to proceed in that appeal *in forma pauperis*, without prepayment of fees. *See* Dkt. 179.

#### B. Discussion

This Court has discretion to grant requests to proceed on appeal *in forma pauperis*, and it may deny such requests when it determines the appeal "is not taken in good faith."

*Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) (quoting 28 U.S.C. § 1915(a)(3)).  In this context, an appeal is not taken in good faith when it is frivolous.  *Brown v. James*, No. 20-cv-10491 (VSB), 2024 WL 2112434, at *1 (S.D.N.Y. Apr. 5, 2024) ("[G]ood faith is judged by an objective standard, and if an appeal is frivolous it is not taken in good faith.") (citation omitted).  And where a court of appeals "lacks appellate jurisdiction, there is no non-frivolous basis" for the appeal.  *Lee v. Black Ent. Television, LLC*, No. 19-cv-02751 (LAK), 2020 WL 9719320, at *2 (S.D.N.Y. May 15, 2020).  Here, the Court finds that the Second Circuit lacks jurisdiction to hear Odermatt's appeal, that the appeal is therefore not taken in good faith and is frivolous, and that Odermatt's application to proceed *in forma pauperis* should be denied.

It is a "general rule" of litigation that "a party is entitled to a single appeal, to be deferred until final judgment."  *In re ALBA Petróleos de El Salvador S.E.M. de C.V.*, 82 F.4th 105, 110 (2d Cir. 2023) (quoting *Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)).  In keeping with that general rule, circuit courts typically "may review only a district court's 'final decisions,'" *Amara v. Cigna Corp.*, 53 F.4th 241, 247 (2d Cir. 2022) (quoting 28 U.S.C. § 1291), which are those that "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment," *JTH Tax LLC v. Kukla*, No. 23-66, 2024 WL 826404, at *2 (2d Cir. Feb. 28, 2024) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199-200 (1988)).  A circuit court's jurisdiction to hear appeals of non-final (otherwise known as "interlocutory") appeals is significantly limited.  *See* 28 U.S.C. § 1292(a).  Thus, where an appeal of a non-final order "does not pertain to an interlocutory injunction, a receivership, or a case in admiralty, and is not an order that the district court has certified for a potential immediate appeal pursuant to 28 U.S.C. § 1292(b), [the circuit court]

lacks jurisdiction to hear [it]." *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 66 (2d Cir. 2011) (internal citation omitted).

There is one more category of non-final district court orders that may be appealed: collateral orders. Under the so-named collateral order doctrine, circuit courts have jurisdiction over appeals from "prejudgment orders 'which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Schwartz v. City of N.Y.*, 57 F.3d 236, 237 (2d Cir. 1995) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). To be "collateral," an order must "(1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Fischer v. N.Y. State Dept. of Law*, 812 F.3d 268, 273 (2d Cir. 2016) (quoting *Will v. Hallock*, 546 U.S. 345, 349 (2006)) (alterations adopted). These three conditions are "stringent." *Id.* (quoting *Will*, 549 U.S. at 349-50). As such, "[a]ll three . . . must be met[,] [and] if any one is unsatisfied, the order is not immediately appealable." *Id.* at 274.

The orders from which Odermatt appeals concern whether and how the parties may use certain evidence to prove their claims or defenses in this action. These are by no means determinative of the merits of Odermatt's claims and, therefore, are not final orders. *See Kukla*, 2024 WL 826404, at *2. Nor are the orders appealable as interlocutory orders, as they do not impose, modify, or remove an injunction, 28 U.S.C. § 1292(a)(1); do not concern a receivership or the disposal of property, 28 U.S.C. § 1292(a)(2); and do not determine rights in admiralty, 28 U.S.C. § 1292(a)(3). Crucially, though the Court could have certified Odermatt's appeal as interlocutory under 28 U.S.C. § 1292(b), it expressly declined to do so.

*See* Dkt. 131.  And finally, the orders are not collateral.  Indeed, to the extent Odermatt wishes to have certain documents filed under seal or otherwise excluded from this case, she may request that relief through motions to seal and accompanying letters explaining what she wishes to seal and the reasons supporting the request, or motions *in limine* that set forth the reasons she seeks to exclude this information.  As such, the appealed-from orders do not conclusively determine the disputed issue of whether and how Odermatt and Mount Sinai may present evidence to the Court involving confidential research studies, and they fail the first condition of the collateral order doctrine.  Having found as much, the Court need not address the other two collateral order conditions.  *See Fischer*, 812 F.3d at 274.

      Therefore, the Court finds that the Second Circuit lacks jurisdiction to hear Odermatt's appeal.  The Court concludes that the appeal is frivolous and, for purposes of Odermatt's application to proceed without prepayment of fees, not taken in good faith.  *See Lee* 2020 WL 9719320, at *2 (where a court of appeals "lacks appellate jurisdiction, there is no non-frivolous basis" for appeal).  Accordingly, Odermatt's application to appeal the Court's decision *in forma pauperis* is denied.

## II.    The Rule 11 Motions

      The Court now turns to Odermatt's motions for sanctions against Mount Sinai under Rule 11 of the Federal Rules of Civil Procedure.

### A.    Background

      On May 28, 2025, Mount Sinai filed a letter requesting a pre-motion conference for leave to move for summary judgment (the "Pre-Motion Letter").  Dkt. 96.  The Pre-Motion Letter set forth a background of the case and previewed Mount Sinai's summary judgment arguments, including Mount Sinai's contention that "there is no evidence beyond [Odermatt's] own conjecture that she has DSPS or ADHD."  *Id*. at 3.  The same day,

Odermatt filed a Notice of Motion to Request Rule 11 Sanctions (the "First Rule 11 Motion"), in which she contended that the Pre-Motion Letter "misleads the Court with [its] inaccurate rendition of the evidence in this case." Dkt. 98 at 2. She contended that there is ample documentary evidence of her having been diagnosed with and treated for both disorders, and that she had produced these documents to Mount Sinai in discovery. *Id.* at 2-3.

On May 30, 2025, the Court found that the First Rule 11 Motion was procedurally defective, because Odermatt had not first served it on Mount Sinai or waited 21 days for Mount Sinai to correct the purported misrepresentations, as Rule 11(c)(2) requires. Dkt. 101. Because of this procedural defect, the Court construed Odermatt's First Rule 11 Motion as service on Mount Sinai, and declined to consider the motion "unless and until she elect[ed] to refile it after the aforementioned process and time period concludes." *Id.*

On August 1, 2025, Odermatt purported to refile the First Rule 11 Motion, *see* Dkt. 154, and on August 4, 2025, Odermatt filed a "postscript note" to that purportedly refiled motion, *see* Dkt. 155. However, both filings contained additional allegations not contained in the original First Rule 11 Motion. In the first supplemental filing, Odermatt newly took issue with the Pre-Motion Letter's contention that there was no evidence to support her deposition testimony that a doctor had verbally diagnosed her with ADHD, because, she argued, she had submitted documentary evidence of that diagnosis in discovery, *see* Dkt. 154 at 1-2. In the second, she wrote that she had additional proof of that verbal diagnosis in an audio recording she had made. *See* Dkt. 155. Because these were new allegations, the Court once again found these filings to be procedurally defective Rule 11 motions, construed them as service upon Mount Sinai, and declined to consider them unless and until Odermatt refiled after the required period. Dkt. 156.

6

On August 10, 2025, Odermatt filed another notice of motion seeking relief under Rule 11 (the "Second Rule 11 Motion"), contending that a motion Mount Sinai had previously filed seeking sanctions against her (the "Sanctions Motion") contained "misrepresentations" that were "shown to be false on the bottom of page 4 of ECF no. 142-1." Dkt. 164. The purported misrepresentation appears to pertain to the date on which Mount Sinai became aware that Odermatt had made an audio recording of her own deposition. In its motion, Mount Sinai suggested that Odermatt first revealed the recording's existence to Mount Sinai on May 30, 2025, *see* Dkt. 104 at 1, and Odermatt contends that she in fact revealed it to Mount Sinai in an email months before. *See* Second Rule 11 Motion (citing Dkt. 142-1 at 4). Odermatt appears to argue that the Sanctions Motion was untimely. *Id*. Notably, the Sanctions Motion had been filed nearly two months before, on June 4, 2025, and the Court had denied it on June 27, 2025. *See* Dkt. 122. The Second Rule 11 Motion, too, was procedurally defective, and the Court construed it as service upon Mount Sinai. *See* Dkt. 173. On September 3, 2025, Odermatt filed a Notice of Motion seeking to "reactivate and refile" the Second Rule 11 Motion. *See* Dkt. 180.

Currently before the Court, then, are the First Rule 11 Motion and the Second Rule 11 Motion (together, the "Rule 11 Motions").

### B. Discussion

When "attorney[s] or unrepresented part[ies]" file "a pleading, written motion, or other paper" with the Court, they "certif[y]" that they are not doing so "for any improper purpose" such as harassment or delay, that any legal contentions in the filing are "nonfrivolous," and that any factual contentions in the filing are supported by available evidence. Fed. R. Civ. P. 11(b)(1)-(3). The filing "violates Rule 11 if it is 'frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith.'" *Manhattan Enter. Grp.,*

7

*LLC v. Higgins*, No. 18-cv-06396 (VSB), 2019 WL 4601524, at *2 (S.D.N.Y. Sept. 22, 2019) (quoting *Weschler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002)). Parties who believe that such a violation occurred may move for sanctions. *See* Fed. R. Civ. P. 11(c)(2). Notably, however, Rule 11 contains a "safe harbor" provision requiring that parties seeking sanctions send their motion "to the opposing party but not actually file[] [it] with the Court if the challenged paper or action is withdrawn or appropriately corrected within 21 days after service of the motion." *Qiu v. Shanghai Cuisine, Inc.*, No. 18-cv-05448 (ER), 2021 WL 3929242, at *2 (S.D.N.Y. Sept. 1, 2021). Rule 11 motions that do not comply with this provision, typically, "must be denied." *Wimberly v. Stern*, No. 22-cv-07581 (VSB), 2023 WL 7039542, at *1 (S.D.N.Y. Oct. 26, 2023) (collecting cases).

On receipt of a procedurally proper motion, the Court has discretion under Rule 11 to "sanction an attorney for, among other things, misrepresenting facts or making frivolous legal arguments." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 459 (S.D.N.Y. 2023) (quoting *Muhammad v. Walmart Stores East, L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (per curiam)); *see* Fed. R. Civ. P. 11(c)(1). These sanctions are proper "only upon 'a showing of objective unreasonableness on the part of the attorney or client signing the papers.'" *Moshell v. Sasol Ltd.*, No. 20-cv-01008 (JPC), 2021 WL 3174414, at *16 (S.D.N.Y. July 24, 2021) (quoting *ATSI Commc'ns v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009)). For example, a factual statement is not sanctionable unless it is "utterly lacking in support." *Id.* (quoting *In re AOL, Inc. Repurchase Offer Litig.*, No. 12-cv-03497 (DLC), 2013 WL 6331802, at *3 (S.D.N.Y. Dec. 5, 2013)).

As noted above, both Rule 11 Motions initially violated the safe harbor provision, and therefore both were initially deniable as procedurally defective. *See Wimberly*, 2023 WL 7039542, at *1. Because Odermatt is *pro se*, however, the Court instead construed her

improper Rule 11 Motions as service upon Mount Sinai that started the clock on the mandatory safe harbor period. *See Cheng v. United States*, 132 F.4th 655, 658 (2d Cir. 2025) ("We . . . liberally construe submissions by *pro se* litigants as raising the strongest arguments they suggest."). Moreover, as the Court directed, Odermatt renewed the Rule 11 Motions at the conclusion of each constructed safe harbor period. Therefore, the Court finds that Odermatt's Rule 11 Motions have now satisfied the safe harbor provision and meet Rule 11's procedural mandates.

That said, the Rule 11 Motions fail on the merits. The First Rule 11 Motion merely concerns Mount Sinai's characterization of the evidence in this matter. To the extent that Odermatt disputes Mount Sinai's contention that she has insufficiently supported her claims, the proper avenue for Odermatt to express that disagreement is in her opposition to Mount Sinai's summary judgment motion; Mount Sinai's argument that Odermatt has "no evidence," even if Odermatt ultimately demonstrates she does have evidence, is not a basis for sanction under Rule 11. *See In re AOL, Inc. Repurchase Offer Litig.*, 2013 WL 6331802, at *3 ("Rule 11 neither penalizes overstatement nor authorizes an overly literal reading of each factual statement." (quoting *Kiobel v. Millson*, 592 F.3d 78, 83 (2d Cir. 2010))). Nor do Mount Sinai's representations concerning the revelation of Odermatt's audio recording, which are the subject of the Second Rule 11 Motion, warrant sanction. Even if Odermatt is correct that Mount Sinai knew about the audio recording before May 2025 — which could conceivably have rendered Mount Sinai's Sanctions Motion untimely — any resulting violation of Rule 11 would be *de minimis* given the Court's order finding the Sanctions Motion timely but denying it on the merits. Dkt. 122 at 2; *see, e.g.*, *Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d Cir. 1986) (finding possible "technical violation of rule 11" to be "*de minimis*" where "it appears doubtful whether anyone gave these claims serious consideration or devoted any significant

9

work toward disposing of them"); *accord Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease and Related Disorders Assoc., Inc.*, No. 10-cv-03314 (RWS), 2018 WL 2084168, at *4 n.1 (S.D.N.Y. May 1, 2018).

Therefore, Odermatt's Rule 11 Motions are denied.

## CONCLUSION

For the reasons stated above, Odermatt's application to proceed *in forma pauperis* is DENIED, Odermatt's First Rule 11 Motion is DENIED, and Odermatt's Second Rule 11 Motion is DENIED. The Clerk is respectfully directed to terminate the motions at Dkts. 154, 179, and 180.

Dated: September 16, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge